UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 25-00150-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES E. HOLLOWAY, IV | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant James E. Holloway, IV's ("Holloway") Motion to Dismiss the Indictment. See Record Document 21. Holloway moves to dismiss the one-count indictment, under which he is charged with felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). See Record Document 21-1 at 1. The United States of America ("the Government") opposed. See Record Document 25. Holloway replied. See Record Document 26. For the reasons stated below, Holloway's Motion (Record Document 21) is **DENIED**.

**BACKGROUND**

At the time of the instant offense, Holloway had been previously convicted of possession with the intent to distribute a schedule I controlled dangerous substance. See Record Document 25 at 2. On December 5, 2022, Holloway pled guilty and was sentenced to five years at hard labor with all but one and a half years suspended. See id. He was placed on supervised probation for a period of three years. See id. On June 4, 2025, Holloway was charged in the Western District of Louisiana with felon in possession of a firearm in violation of § 922(g)(1). See id. On July 9, 2025, he filed the instant Motion. See id.

**LAW AND ANALYSIS**

**I. Law.**

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. However, it is well-established that, "'[l]ike most rights, the right secured by the Second Amendment is not unlimited." D.C. v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2817 (2008). Thus, under the Supreme Court's most recent guidance in Bruen, courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. Bruen, 597 U.S. 1, 24, 142 S. Ct. 2111, 2129–30 (2022). First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." Id. If the Second Amendment does cover the individual's conduct, the court then must ask whether the government has satisfied its burden of showing "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. Id. at 26, 2131.

Recently, in U.S. v. Diaz, the Fifth Circuit analyzed an as-applied constitutional challenge to § 922(g)(1) under Bruen. 116 F. 4th 458 (5th Cir. 2024). The Court held that a charge serving as a predicate for a defendant's § 922(g)(1) charge must rely on previous history. Id. at 467. A felon is among "the people" protected by the Second Amendment. Id. at 466. "The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." Id. at 467. To satisfy its burden under Bruen, "the government must 'identify a well-established and representative historical analogue, not a historical twin.'" Id.

2

Furthermore, the "[e]vidence must be 'relevantly similar' to the challenged law." Id. When a court assesses similarly, it should "consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" Id.

**II. Summary of the Arguments.**

Holloway specifically challenges the validity of § 922(g)(1), as it purportedly prohibits his Second Amendment right to possess and use arms for personal protection and defense. See Record Document 21-1 at 3. Section 922(g)(1) states:

> (g) It shall be unlawful for any person—
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). He asserts that because count one infringes on his Second Amendment rights, it is unconstitutional as applied to him and must be dismissed unless the Government meets its burden, which it has allegedly failed to do. See Record Document 21-2 at 3–4.

In opposition, the Government argues Holloway's probation status permits the dispossession of firearms because he was still serving a sentence at the time of the instant offense. See Record Document 25 at 3. The Government contends Holloway was aware he was still under supervision for his felony drug conviction and had reported as recently as June of 2024, the month prior to his arrest. See id. at 4. At the time of his arrest, the Government provides he had an active probation warrant for absconding

3

supervision. See id. Even if the issue of probation status is set aside, the Government submits that Holloway's conviction for a drug trafficking offense permits the dispossession of firearms. See id.

In his reply, Holloway recognizes the Government's position but outlines certain arguments as a way to reserve these issues for appeal. See Record Document 26. With respect to his previous drug conviction, Holloway asserts that the Government has not proffered any historical regulation that would prohibit him from possessing a firearm for personal protection simply because he had previously possessed or distributed drugs. See id. at 3. As to his probationary status, Holloway submits that despite his status, he is still one of the people covered by the Second Amendment, and the Government has not met its burden that as applied to him, a firearm prohibition is constitutional. See id. at 5.

**III. Analysis.**

The first step of the Bruen analysis is satisfied here. The Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1);" thus, Holloway's conduct prohibited by § 922(g)(1) is covered by the Second Amendment. Diaz, 116 F. 4th at 467. See U.S. v. William Robinson, No. 22-253, 2024 WL 4827375, at *6 (E.D. La. Nov. 19, 2024). Since the first step is satisfied, the Government has the burden to demonstrate that regulating Holloway's possession of a firearm is consistent with the Nation's historical tradition of firearm regulation. Id.

In Diaz, the Fifth Circuit conducted an analysis of "Bruen's historical inquiry into our Nation's tradition of regulating possession by felons in particular." 116 F. 4th at 466. The Court only analyzed Diaz's pertinent criminal history, which consisted of vehicle theft,

4

evading arrest, and possessing a firearm as a felon. Id. In the instant case, Holloway's pertinent criminal history consists of a prior felony conviction for possession with the intent to distribute a schedule I controlled dangerous substance. See Record Documents 25-1 & 25-2. Under step two of Bruen, the Government "must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to this." Diaz, 116 F. 4th at 467.

The Fifth Circuit has recently held that there is "a history and tradition of punishing felons quite harshly, including taking away their weapons while they complete their sentence…." U.S. v. Contreras, 125 F. 4th, 732–33 (5th Cir. 2025). The Fifth Circuit referenced a case wherein the Sixth Circuit held that "'[l]imitations on the constitutional right to bear arms while on probation are supported by our nation's historical tradition of firearm forfeiture laws, which temporarily disarmed persons while they complete their sentences.'" Id. at 732 (quoting U.S. v. Goins, 118 F. 4th 794, 805 (6th Cir. 2024)). Furthermore, in U.S. v. Giglio, the Fifth Circuit upheld that "it was constitutional for the government to regulate [the defendant's] possession of firearms [while he was on supervised release]." 126 F. 4th 1039, 1046 (5th Cir. 2025).

In the instant case, Holloway was serving a three-year term of probation when he committed the instant offense. See Record Document 25-2. Since he had not completed his sentence for his prior felony conviction, it is not unconstitutional for the Government to regulate his possession of firearms and ammunition while he is on probation. For this reason, Holloway's as applied challenge fails.

Even if Holloway was not on probation, his as applied challenge still fails. The question presented before this Court is whether Holloway's previous drug trafficking

5

felony conviction justifies permanent disarmament under § 922(g)(1). The Fifth Circuit in U.S. v. Kimble was presented with the same question. 142 F. 4th 308, 312 (5th Cir. 2025). In Kimble, the Fifth Circuit recognized that "[t]he Second Amendment allows Congress to disarm classes of people it reasonably deems dangerous, and § 922(g)(1)'s prohibition on gun possession by individuals convicted of drug-trafficking felonies enacts such a disarmament regime consistent with Bruen's 'why' and 'how' test." Id. at 314–15. The Fifth Circuit maintained that a law disarming individuals with drug trafficking felonies for life is consistent with the nation's history of firearm regulation. See id. "Like legislatures in the past that sought to keep guns out of the hands of potentially violent individuals, Congress today regards felon drug traffickers as too dangerous to trust with weapons." Id. at 316.

"The Supreme Court has long recognized 'that drugs and guns are a dangerous combination.'" Id. (quoting Smith v. U.S., 508 U.S. 223, 240, 113 S. Ct. 2050 (1993)). Both the legislative and executive branches also associate drug trafficking with violence. See id. at 317. Thus, all three branches of government "agree that drug trafficking is an inherently dangerous activity, and Congress has responded to that threat by disarming convicted drug traffickers via § 922(g)(1)." Id. Therefore, because Holloway's prior felony conviction "'indicates that he poses a threat to public safety and the orderly functioning of society,' his (g)(1) conviction is 'consistent with this Nation's historical tradition of firearm regulation and punishment of people who have been convicted of violent offenses.'" Id.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Holloway's Motion to Dismiss the Indictment (Record Document 21) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 25th day of August, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE